| ¶EDWIN A. LOMBARD, Judge.
This appeal involves the quantum awarded by the jury after trial solely on the issue of damages in a matter concerning a minor automobile accident. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

In 1997, the car driven by Elaine Alexis, appellant, on DeSaix Avenue was struck by a tow truck driven by Michael Pfister, appellee. The tow truck was in the left lane of the two-lane street when, in the process of making a left turn onto Alden, Mr. Pfister swerved into the right-hand lane to accommodate the necessary wide left turn. Mr. Pfister was driving about 5 m.p.h. at the time of the attempted turn and subsequent collision. Alexis, who was restrained, was proceeding at 12-15 m.p.h. in the right lane of DeSaix and slowing to make a right turn. The tow vehicles collided as defendant’s tow truck moved into appellant’s lane as he attempted the turn.
As a result of this low-impact collision, Ms. Alexis contended that she suffered *571 multiple, serious injuries requiring prolonged medical treatment and which rendered her unemployable for over four years. She also claimed to suffer |afrom depression as a result of the accident. She sought treatment from numerous physicians, including an orthopedist, neurologist, psychiatrist, and an internist.
Prior to the accident, Ms. Alexis was employed by the Regional Transit Authority (“RTA”) as a claims adjuster. Ms. Alexis had not worked since the accident, which was some fours years subsequent to the accident.
Alexis initially filed a Petition for Damages against Mr. Pfister, his insurer (Clarendon), and D & P Towing, Inc. Subsequently, appellant amended her petition to include a loss of consortium claim on behalf of her son. Transit Management of Southeast Louisiana, Inc. (“TMSL”), appellant’s employer, intervened in subrogation of workers’ compensation payments.
D & P was subsequently substituted with Chuga-Chuga Choo Choo Trains Towing, which was later dismissed. Ms. Alexis’s Motion for Partial Summary Judgment on the liability of defendants was granted.
After unsuccessful mediation and numerous trial settings, the matter was heard by a jury over seven days. Evidence of Alexis’s prior accidents, which had not been disclosed to the testifying physicians, was presented. More than five days was spent on Alexis’s medical, treat-, ment and she requested up to $1,000,000.00 in damages.
At trial, the only objective evidence of Ms. Alexis’s injuries was occasional muscle spasms,-mainly near the time of the accident, and radiographic evidence of a mild herniation of L5-S1 with no sign of attendant nerve compression. Additionally, the physicians testified that they had not been informed by Ms. Alexis that she had suffered several prior accidents and related injuries, including back injuries suffered in July 1991 and February 1994, and again in 1996, for |swhich she treated up to six months prior to the instant accident and for which she was referred for a lumbar spine MRI that she never received.
Ms. Alexis’s complaints of pain -were not objectively verified at trial. The MRI showed herniation, but the expert testimony indicated that such herniation may or may not cause symptomatology. The independent medical examiners, Drs. Robert Applebaum and Gary Carroll, each performed independent medical examinations of Ms. Alexis and could not confirm Ms. Alexis’s complaints.
Additionally, surveillance videos taken of Ms. Alexis only days after the incident and up until 1999 demonstrated that she had a much- greater physical capacity than she had led her physicians and employer and the jury to believe. The jury saw a tape filmed only weeks after the accident wherein Ms. Alexis was filmed walking, bending, and dancing at a Mardi Gras parade. Also, she was shown lifting and placing a large bag of dog food into the trunk of her car in contradiction, to her deposition testimony that she was unable to lift such items.
The jury awarded Ms. Alexis the following: $15,000 for past medical expenses; $16,700 for past lost wages; $10,000 for past pain and suffering and $0 for the rest of her claims. The trial court entered judgment in favor of TMSL for $38,300 for workers’ compensation payments.
Ms. Alexis filed a Motion for Judgment Notwithstanding the Verdict, Additur, or Alternatively, New Trial. The trial court denied the motion and this appeal followed.

*572
ANALYSIS

The standard of review is clearly wrong or manifestly erroneous. This court must utilize a two-step analysis as set forth by the Louisiana Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979):(l) whether there is a | reasonable factual basis for the trial court’s judgment; and (2) whether the record establishes that the finding is not clearly wrong.
Appellant argues that the appel-lees fail to cite evidence to support the first prong of the review. Appellant has her argument backwards; it is appellant who bears the burden of proving that the trial court was manifestly erroneous, not the appellee’s burden to prove that the trial court was correct. The credibility findings of the jury, confirmed by the trial court, were made based on the live testimony of the witnesses. It is not for this court to substitute its judgment for that of the trier of fact unless there is some manifest error.
Based upon the video evidence of Alexis’s physical capacity when unaware of being watched, the testimony of her own experts that she failed to disclose to them the existence of prior accidents involving her back, and the facts of the accident, the jury award is not clearly wrong. The jurors and the trial court obviously did not believe Alexis’s claims of serious injury, which were not substantiated by objective evidence.

CONCLUSION

Therefore, for the foregoing reasons, we affirm the trial court judgment.

AFFIRMED.